EVELYN COHEN, RESPONDENT, v. CITY OF ASBURY PARK, APPELLANT.

Submitted October 27, 1944—Decided February 2, 1945.

For the appellant, *Charles Frankel* and *Joseph F. Matlice*.

For the respondent, *Nelson Ehrlich* and *Theodore D. Parsons*.

The opinion of the court was delivered by

BODINE, J. The Circuit Court found that the respondent, "as a member of the Asbury Park Police Department, was entitled to an annual salary of $2,700 from June 16th, 1936, to June 22d, 1943, whereas plaintiff stated in her complaint that she received annually from the defendant the sum of $1,040. (Actually, she only received $960 annually.) The difference between $2,700 and $1,040 is $1,660. From June 16th, 1936, to June 16th, 1943, the amount recoverable is $11,620. From June 16th, 1943, to June 22d, 1943, inclusive, the plaintiff is entitled to $4.61 extra, daily, for a period of seven days, which comes to the sum of $32.27. Therefore, the total verdict is for $11,662.27."

The case was brought and tried on the theory that the plaintiff had become a police officer of the City of Asbury Park without dishonesty or fraud on her part and was entitled to recover the compensation fixed by law for the services rendered by her. *Hoboken* v. *Gear, 27 N. J. L.* 265; *Erwin* v. *Jersey City, 60 Id.* 141; *McArt* v. *Belleville, 97 Id.* 396.

The proofs abundantly demonstrate the fact that the respondent served continuously as a police officer and was protected under *R. S.* 40:47–5, 6; *Albert* v. *Caldwell*, 123 *N. J. L.* 266. An ordinance fixed a police officer's pay at $2,700 per year.

The statutes of the state permitted her appointment. *R. S.* 40:46–3. She served and was entitled to the compensation fixed by ordinance.

*R. S.* 1:1–2, provides as follows: "Number; gender. Whenever, in describing or referring to any person, party, matter or thing, any word importing the singular number or masculine gender is used, the same shall be understood to include and to apply to several persons or parties as well as to one person or party and to females as well as males, and to bodies corporate as well as individuals, and to several matters and things as well as one matter or thing." *Ghesquier* v. *Fire and Police, &c., Paterson,* 117 *N. J. L.* 327.

A subsequent resolution fixing respondent's compensation at $1,500 per year had no effect whatever upon the previous ordinance.

There is no evidence whatever that there had been a waiver of any rights to compensation; in fact, the contrary appears. Nor does there appear to be an estoppel.

We have carefully examined all the appellant's other points and find them to be without merit.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, PERSKIE, PORTER, COLIE, WELLS, RAFFERTY, THOMPSON, DILL, JJ. 13.

*For reversal*—None.